

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLYDE H. BOHNSACK, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:08-cv-01481 |
| | § | |
| VARCO, L.P., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## COURT'S INSTRUCTIONS

The following instructions were presented to the jury on the 3rd day of September, 2010.

SIGNED at Houston, Texas this 3rd day of September, 2010.

Kenneth M. Hoyt
United States District Judge

1

## I.   GENERAL INSTRUCTIONS FOR THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Ater I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous. In determining whether any fact has been proved in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Considering Witness Testimony**

You are the sole judges of the credibility of the witnesses, and of the weight to be given to each of them. You are to consider all the evidence in the case in determining the credibility of witnesses. In considering the testimony of any witness, you may take into account the witness' intelligence, ability and opportunity to observe, age, memory, manner while testifying, any interests, bias, or prejudice the witness may have, and the reasonableness of the testimony considered in the light of all the evidence in the case.

2

By the Court allowing testimony or other evidence to be introduced over the objection of an attorney, the Court did not indicate any opinion as to the weight or effect of such evidence. As stated before, you the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have testified to, if he had been permitted to answer the question.

At times during the trial it was necessary for the Court to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We met because often during a trial something comes up that does not involve the jury. You should not speculate on what was discussed during such ties.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

3

**Considering the Evidence**

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence – such as testimony of an eyewitness.  The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, using the appropriate burden of proof as I will define for you, you find the facts from all the evidence, both direct and circumstantial.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, and other organizations stand equal before the law and are to be treated as equals.  You are instructed that a corporation such as Varco, L.P., acts through its officers, directors and agents.  In this case McClung was an agent of Varco, L.P.

4

## II.    SUMMARY OF CONTENTIONS

Bohnsack contends that Varco has committed actual fraud.  Additionally, Bohnsack contends that Varco misappropriated his trade secrets.  He is seeking compensatory damages for the alleged actions by Varco, as well as exemplary damages.

Varco contends that it has acted totally in accordance with the patent laws as they relate to inventorship, patent ownership, and patent assignments, that Bohnsack approved and authorized Varco's actions, and that Varco has not committed any of the acts Bohnsack has alleged to be wrongful.  Varco contends that it has not committed actual fraud, and that it has not misappropriated any Bohnsack trade secret.  Varco also contends that Bohnsack is not entitled to any damages or exemplary damages.

### Burdens of Proof

A party asserting its claims has the burden of proving each claim by meeting a burden of proof as to the evidence.  In this case that burden is by a "preponderance of the evidence" and by "clear and convincing evidence."

"Preponderance of the evidence" means evidence that persuades you that a claim is more likely true than not true.  In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the stipulations, the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.

"Clear and convincing evidence" means evidence that produces in your mind a firm belief or conviction as to the matter at issue.  In determining whether any fact has been proved by clear and convincing evidence, you may, unless otherwise instructed, consider the testimony of all witnesses

5

regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.   Although proof to an absolute certainty is not required, the clear and convincing evidence standard requires a greater degree of persuasion than is necessary for the preponderance of the evidence standard.

Bohnsack has the burden of proving he is entitled to exemplary damages by clear and convincing evidence.

## III.   DAMAGES

If Bohnsack has proven his claim of actual fraud or trade secret misappropriation against Varco by a preponderance of the evidence, you must determine the damages to which Bohnsack is entitled.   You should not interpret the fact that I have given instructions about Bohnsack's damages as an indication in any way that I believe that he should, or should not, win this case.   It is your task first to decide whether Bohnsack has met his burden of proving that Varco is liable.   I am instructing you on damages only so that you will have guidance in the event you decide that Bohnsack has met this burden of proof as to his claims against Varco, and also has proved that he is entitled to recover money damages.

### Compensatory Damages

If you find that Bohnsack has proven his claims against Varco, then you must determine an amount that is fair compensation for all of Bohnsack's damages.   These damages are called compensatory damages.   The purpose of compensatory damages is to make Bohnsack whole—that is, to compensate Bohnsack for the actual damage that he has suffered.

You may award compensatory damages only for injuries that Bohnsack proves were caused by Varco's allegedly wrongful conduct.   The damages that you award must be fair compensation for

6

all of Bohnsack's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which Bohnsack has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Bohnsack prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## IV.   INTERROGATORIES AND INSTRUCTIONS

### 1.   FRAUD – INTENTIONAL MISREPRESENTATION

Clyde Bohnsack alleges that Varco, either individually or through the acts of its attorney, Guy McClung, committed fraud.

Fraud occurs when:

a.   a party makes a material misrepresentation,

b.   the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,

c.   the misrepresentation is made with the intention that it should be acted on by the other party, and

d.   the other party relies on the misrepresentation and thereby suffers injury.

For purposes of proving fraud, a "misrepresentation" means:

a.    A false statement of fact; or
b.    A promise of future performance made with an intent, at the time the promise was made, not to perform as promised; or
c.    A statement of opinion based on a false statement of fact; or
d.    A statement of opinion that the maker knows to be false; or
e.    An expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion.

"Special knowledge" means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

For Bohnsack to recover against Varco for fraud, Bohnsack must prove by a preponderance of the evidence that he acted or refrained from acting in reliance on Varco or McClung's fraudulent misrepresentations, and that his reliance was justifiable.

Bohnsack relied on the fraudulent misrepresentation if the misrepresentation played a substantial part in his decision to act in one way as opposed to another, to not act where he otherwise would have, or to act where he otherwise would not have.

**INTERROGATORY No. 1.**        Did Varco, individually or through the acts of its attorney, Guy McClung, commit fraud against Clyde Bohnsack?  Answer "Yes" or "No."

Answer: _Yes_____

8

## 2.      TRADE SECRET MISAPPROPRIATION

Clyde Bohnsack claims that Varco, through its own actions or through the actions of its attorney,

Guy McClung, misappropriated Bohnsack's proprietary Pit Bull information or trade secrets.


Trade secret misappropriation is established by showing:

1.      A trade secret existed;
2.      Varco acquired Bohnsack's trade secrets through a confidential relationship or under other circumstances giving rise to a duty not to use or disclose the trade secret without Bohnsack's permission;
3.      Varco used Bohnsack's trade secrets to Bohnsack's detriment without Bohnsack's authorization; and
4.      (a) Bohnsack suffered harm as a direct and proximate result of Varco's use or disclosure of Bohnsack's trade secret or (b) Varco obtained benefit from such use or disclosure.

A trade secret may be any form of information that is valuable to a person or business and

maintained in secrecy. A trade secret may take many forms. It may be a formula, pattern, device or

compilation of information used in one's business, and which gives an opportunity to obtain an

advantage over competitors who do not know or use it. It may be a formula for a chemical

compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or

other device, or a list of customers. Information that is not reduced to any tangible form may also

constitute a trade secret.

A trade secret must be valuable either to plaintiff or to plaintiff's business rivals in the sense

that, as long as it is secret, the information provides plaintiff with an actual or potential competitive

business advantage over its rivals. To help you determine whether Bohnsack enjoyed either an actual

or potential competitive advantage, you may consider such things as:

9

1. the degree to which the information was generally known or readily ascertainable by others;
2. the extent to which Bohnsack used or uses the information in its business;
3. whether the information allows Bohnsack to earn increased profits or operate its business more efficiently;
4. what gain or benefits Varco's business obtained from the information;
5. what money, effort, and time Bohnsack expended to develop the information; and
6. the ease or difficulty of acquiring or duplicating the information through independent development, research of publicly available information, or taking apart and analyzing a product properly acquired to learn its secrets.

**INTERROGATORY NO. 2.**    Did Varco, L.P., either individually or through the actions of its attorney, Guy McClung, misappropriate Bohnsack's proprietary Pit Bull information or trade secrets?  Answer "Yes" or "No."

Answer:    _Yes_

If you have answered either Interrogatory No. 1 or 2 "Yes," then answer the following Interrogatory.

**INTERROGATORY NO. 3.**    What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Clyde Bohnsack for his damages, if any, that resulted from such fraud or misappropriation of trade secrets?

Consider the following elements of damages, if any, and none other:

Bohnsack's Loss of the Benefit of His Bargain with Varco

Benefit of the bargain damages are damages which give Bohnsack the benefit of his contract or bargain with Varco. You can only award Bohnsack these damages if Bohnsack has proven these damages with a reasonable certainty.

Answer in dollars and cents for damages, if any.

Answer: $ _600,000.00_

10

**INTERROGATORY NO. 4.**     Do you find by clear and convincing evidence that the harm to Clyde Bohnsack resulted from Varco L.P.'s fraud?  Answer "Yes" or "No."

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer: _Yes_____

11

**3.**     Exemplary Damages

If you find that Bohnsack has proven that Varco is liable for Bohnsack's injuries, you may award exemplary damages, but only if Bohnsack proves by clear and convincing evidence that Varco committed fraud or acted with malice towards Bohnsack.

If you determine that Varco and/or McClung's conduct was so shocking and offensive as to justify an award of exemplary damages, you may exercise your discretion to award those damages. In making any award of exemplary damages, you should consider that the purpose of exemplary damages is to punish an accused party for shocking conduct, and to deter the accused party and others from engaging in similar conduct in the future. The law does not require you to award exemplary damages. However, if you decide to award exemplary damages, you must use sound reason in setting the amount of the damages. The amount of an award of exemplary damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed Bohnsack has been made whole by compensatory damages, so exemplary damages should be awarded only if Varco's alleged misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

**INTERROGATORY NO. 5.**          Answer the following question only if you answered "Yes" to Interrogatory 4. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, should be assessed against Varco and awarded to Clyde Bohnsack as exemplary damages, if any, for the conduct found in response to Interrogatories 1 and 4?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are:

a.     The nature of the wrong.
b.     The character of the conduct involved.
c.     The degree of Varco's culpability.
d.     The situation and sensibilities of the parties concerned.
e.     The extent to which Varco's conduct offends a public sense of justice and propriety.
f.     The net worth of Varco, LP.

Answer in dollars and cents, if any.

Answer: $ 7,500,000.00

12

## V.    INSTRUCTIONS FOR DELIBERATIONS

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. Your verdict must be unanimous. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to deliberate.

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return our unanimous verdict into court.



Jury Foreperson


Sept. 3, 2010

Date

14